Insurance Commissioner
ACCEPTED SOP

OCT 2 0 2025
TIME: 8 am

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF KING

ANAHIT MANUKYAN and STEPHEN OBENCHAIN, individually and as insureds,

Plaintiffs,

vs.

STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurance company,

Defendant.

Case No.:

SUMMONS

TO: STATE FARM FIRE AND CASUALTY COMPANY

A lawsuit has been started against you in the above-entitled court by Anahit Manukyan and Stephen Obenchain, Plaintiffs. Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing and serving a copy upon the undersigned attorney for the Plaintiffs within thirty (30) days after the service of this summons, or within sixty (60) days if served outside the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to a notice before a default judgment may be entered.

You may demand that the Plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the Plaintiff. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

SUMMONS- 1

BEST LAW PLLC
905 W RIVERSIDE, STE. 409
SPOKANE, WA 99201
PHONE:(509) 624-4422
FAX: (509) 703-7957

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 10th day of October 2025.

**BEST LAW PLLC**

By: _____
Ryan M. Best, WSBA #53672
905 W. Riverside Ave., Suite 409
Spokane, WA 99201
Phone:
*Attorney for Plaintiffs*

SUMMONS- 2

Insurance Commissioner
ACCEPTED SOP

OCT 2 0 2025

TIME: 8 aum

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF KING

ANAHIT MANUKYAN and STEPHEN
OBENCHAIN, individually and as insureds,

    Plaintiffs,

vs.

STATE FARM FIRE AND CASUALTY
COMPANY, a foreign insurance company,

    Defendant.

)
) No.
)
) **COMPLAINT FOR DAMAGES**
)
)
)
)
)
)
)
)
)

Plaintiffs Anahit Manukyan and Stephen Obenchain, by and through their attorney of record, Ryan Best of Best Law, PLLC, alleges as follows:

## I.  PARTIES, JURISDICTION AND VENUE

1.1  Plaintiffs Anahit Manukyan and Stephen Obenchain reside in King County, Washington.

1.2  Defendant State Farm Fire and Casualty Company ("State Farm") is a foreign insurance company doing business in the State of Washington, County of King.

1.3  At all times material hereto, Defendant State Farm has an office for the transaction of business in King County, Washington.

COMPLAINT FOR DAMAGES - 1

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

1.4     At all times material hereto, State Farm was transacting business at the time the incident occurred, in King County, Washington.

1.5     Defendant State Farm is vicariously liable for the acts and omissions of its employees and agents, including any outside person or entity to whom defendant assigned claims-handling or investigative responsibilities.

1.6     All acts alleged herein occurred in King County, Washington

1.7     Venue and jurisdiction are proper in this Court pursuant to RCW 2.08.010, 4.12.010(1), and 4.12.025(1).

1.8     If this matter is removed to federal court, this complaint seeks a jury trial in federal court.

## II.     FACTS

2.1     Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 1.8, as if set forth fully herein.

2.2     Defendant State farm issued an insurance policy to Plaintiffs insuring their home in Issaquah, Washington.

2.3     The policy covered the Plaintiffs and their home.

2.4     Plaintiffs paid a valuable premium for the coverages and protections contained in the policy.

2.5     The Plaintiffs are insureds and first-party claimants under the policy.

2.6     On January 16, 2024, a claim was opened by State Farm on behalf of Plaintiffs after a water loss occurred at their property.  The property is located at 1000 Cabin Creek Lane SW #C104, Issaquah, Washington 98027.

COMPLAINT FOR DAMAGES - 2

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

2.7    The water loss caused damage to multiple areas within the home.

2.8    Plaintiffs gave prompt notice to Defendant State Farm.

2.9    Upon information and belief, the policy provides coverage for the dwelling; coverage for personal property, and other additional coverages.

2.10    The damage that occurred was covered under this policy.

2.11    The policy contains provisions relating to loss settlement.

2.12    Under the policy, damage to a building is paid on a replacement-cost-value basis. In many situations, the policy provides for the payment of actual cash value until repair or replacement is complete.

2.13    The policy also contains a provision known in the industry as the "our option" provision. It states: "We may repair or replace any part of the property damaged or stolen with similar property. Any property we pay for or replace becomes our property." When the insurer exercises its option, the insurance company, itself, undertakes the repairs.

2.14    Except when it exercises its option, the insurance company does not choose the contractor to perform repairs. Except when the insurance company exercises its option, it is the insureds' right to choose the contractor.

2.15    No provision in the policy requires any contractor to agree to pricing dictated by the insurance company or whatever consultant or software used by the insurance company to arrive at a benefits amount.

2.16    The insurance company did not exercise its option in this case. It does not have the ability to choose the contractor. Plaintiffs have the right to choose the contractor.

COMPLAINT FOR DAMAGES - 3

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

The policy does not require an insured to choose the least expensive contractor. The insurance company is able to recommend contractors to the insureds for their consideration.

2.17  Upon information and belief, State Farm never recommended a contractor for repairs.

2.18  In any water-related damage event at a home, it is essential that mitigation begin as soon as possible. Most homeowners insurance policies require that the insureds start mitigation as soon as possible.

2.19  The Plaintiffs have complied with the policy conditions by protecting the property from further damage.

2.20  Due to State Farm's claim delay's and failure to provide payment for the insureds to return their home to its pre-loss condition, Plaintiffs retained Property Claim Advocates (hereinafter "PCA") to assist with their claim.

2.21  On January 16, 2025, PCA provided notice of their representation to State Farm.

2.22  In that correspondence, PCA requested a certified copy of the insuring agreement and all endorsement as well as other pertinent claim documentation/information.

2.23  After no response from State Farm, PCA sent their letter of representation again to State Farm on January 18, 2025.

2.24  Upon information and belief, State Farm failed to respond.

2.25  On January 20, 2025, PCA provided their letter of representation to State Farm for a third time.

2.26  Upon information and belief, State Farm failed to respond.

COMPLAINT FOR DAMAGES - 4

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

2.27  On January 31, 2025, PCA provided their letter of representation to State Farm for the fourth time.

2.28  Upon information and belief, State Farm failed to respond.

2.29  On February 10, 2025, PCA provided State Farm with their letter of representation again.

2.30  Upon information and belief, State Farm failed to respond.

2.31  On February 12, 2025, PCA again provided their letter of representation to State Farm.

2.32  On February 25, 2025, PCA sent correspondence to State Farm requesting that State Farm toll the suit deadline.

2.33  Upon information and belief, State Farm failed to respond to the tolling letter.

2.34  On July 7, 2025, the insureds, through PCA, submitted their Sworn Statement in Proof of Loss, specific to repairs in the amount of $87,333.18.  The proof of loss attached a repair estimate.  That estimate was prepared using Xactimate software.

2.35  Because State Farm had previously made a repair payment of $26,939.56, a request was made for a payment of $60,393.62 to return Plaintiffs home to its pre-loss condition.

2.36  State Farm did not-to Plaintiffs knowledge-ask a contractor how much it would cost to restore the home it its pre-loss condition.  Defendant nevertheless took the position that the replacement cost for the damage was $26,939.56, which is a fraction of the amount as stated in the Plaintiffs' proof of loss.

COMPLAINT FOR DAMAGES - 5

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

2.37 Plaintiffs are not aware of any contractor who has agreed to fully restore the home for that amount.

2.38 Upon information and belief, State Farm failed to acknowledge, accept or deny the Plaintiffs Sworn Statement in Proof of Loss.

2.39 Also sent on July 7, 2025, was a letter from PCA to State Farm addressing the Plaintiffs updated repair estimate.

2.40 Upon information and belief, State Farm failed to respond to PCA's July 7 letter.

2.41 The Plaintiffs home remains in a state of disrepair due to State Farm's negligence and acts of bad faith.

2.42 State Farm's estimate for repair grossly undervalues the true scope of repairs necessary to bring the Plaintiffs home to its pre-loss condition.

2.43 Defendant failed to timely communicate with Plaintiffs and their representatives.

2.44 State Farm had a solemn obligation to indemnify the Plaintiffs and remunerate them for their losses as dictated by the terms and conditions of the policy.

2.45 The Plaintiffs have complied with the policy conditions by protecting the property from further damage.

2.46 Insurance companies such as Defendant State Farm owe their policyholders numerous duties upon the occurrence of a loss under and insurance policy.  For example:

- Insurance companies owe their policyholders a duty of good faith.

- Insurance companies have an obligation to tell the truth, to have a lawful purpose, to deal fairly with the policyholder, and to give equal consideration to policyholders' interests as they do their own.

COMPLAINT FOR DAMAGES - 6

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

- Insurance companies are prohibited from engaging in conduct toward their policyholders that is in any way unreasonable, frivolous, or unfounded.

- Insurance companies must conduct a full, fair, and prompt investigation of all material aspects on the insurance claim at their own expense.

- Insurance companies must provide prompt payment of a claim.

2.47 The Unfair Claims Settlement Practices Regulation, which is found in chapter 284-30 of the Washington Administrative Code, imposes duties on insurance companies. Defendant owes those duties to Plaintiffs. The Unfair Claims Settlement Practices Regulation is incorporated herein by reference. *See* WAC 284-30-330 to -380.

2.48 Insurance industry standards in the State of Washington require Defendant State Farm to comply with the Unfair Claims Settlement Practices Regulation. The regulation reflects minimum industry standards.

2.49 For example, insurance companies are prohibited by industry standards and Washington Administrative Code Regulations (*see* WAC 284-30-330 to -380) from:

- Misrepresenting facts and policy provisions.

- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

- Failing to adopt and implement reasonable standards for the prompt investigation of claims.

- Failing to advise insured of what is necessary to complete the claim.

- Failing to assist the insured.

- Refusing to pay claims without a reasonable investigation.

- Compelling first party claimants into litigation or appraisal by offering substantially less than the amounts due under policies. '

COMPLAINT FOR DAMAGES - 7

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claim.

- Failing to provide an explanation of the coverage under which payments were made.

- Attempting to transfer the cost of investigation to the insured.

- Failing to complete a full and fair investigation within 30 days.

- Insurance companies are responsible for the accuracy of evaluation to determine actual case value.

2.50 To ensure compliance with legal and industry standards:

- Insurance companies have a responsibility to properly train employees involved in claims-handling activity, and

- Insurance companies have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claims handlers who fall short of legal, industry, or company standards.

2.51 State Farm failed to respond to the pertinent communications from Property Claim Advocates sent on behalf of the insureds.

2.52 The Plaintiffs hired Property Claim Advocates to assist them with the insurance claim. Property Claim Advocates is a public-adjusting firm. A public adjuster is "an adjuster employed by and representing solely the financial interests of the insured, named in the policy," RCW 48.17.010(1)(b).

2.53 It is a violation of insurance industry standards to discriminate against an insured simply because they are represented by a public adjuster.

2.54 To date, Plaintiffs have not received all the benefits they are entitled to receive under the policy.

COMPLAINT FOR DAMAGES - 8

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

2.55 On September 29, 2025, State Farm was sent a 20-day Insurance Fair Conduct Act Notice.

2.56 State Farm did not provide a substantive response and did not cure their deficiencies within the statutorily allowed time.

2.57 Based on Defendants' handling of the claim, there is no hope Plaintiffs will be made whole unless they hire attorneys and bring litigation seeking accountability for Defendant's improper handling of the claim.

2.58 Defendant has violated the Unfair Claim Settlement Practices Regulation, fallen below insurance industry standards for handling insurance claims, and breached the policy.

2.59 Plaintiffs' claim has yet to be resolved.

2.60 Defendant constructively denied coverage for Plaintiffs' claim.

2.61 Defendant intentionally placed the financial interests of itself ahead of its insureds, by failing to adequately inspect, investigate, and provide payment sufficient for the Plaintiffs to return their home to its pre-loss condition.

2.62 Because of Defendant's conduct, Plaintiffs have been damaged in several ways including, without limitation, the following:

- Loss of use and enjoyment of their home;
- Having to hire counsel;
- Being denied payment under their policy for all rights and benefits;
- Exposure to increased inconvenience;
- Spending substantial time dealing with the insurance claim; and

COMPLAINT FOR DAMAGES - 9

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

- Emotional distress, aggravation, and anxiety.

## III.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Insurance Fair Conduct Act – RCW 48.30 *et seq*., RCW 19.86 et seq.)**

3.1   Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 2.62.

3.2   Defendant State Farm owes Plaintiffs a quasi-fiduciary duty to exercise good faith in its claims handling.

3.3   Plaintiffs made a valid request for payment under the policy, but Defendant State Farm failed to tender proper payment after receipt of sufficient information to allow payment under the policy.

3.4   Defendant State Farm failed to properly and timely investigate Plaintiffs' claim.

3.5   Defendant State Farm refused to pay this coverage, did not response to pertinent communications about this coverage, and continues to constructively deny Plaintiffs' claim.

3.6   Defendant State Farm did not attempt in good faith to resolve Plaintiffs' claim as required by Washington State law.

3.7   Plaintiffs were unfairly discriminated against because they were represented by a public adjuster.

3.8   Plaintiffs are now wrongfully required to initiate litigation in order to receive the amount promised by Defendant under the policy.

3.9   Defendant State Farm's acts and omissions are in bad faith in violations of WAC 284-30 et seq. and RCW 48.30 et seq.

COMPLAINT FOR DAMAGES - 10

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.10  Plaintiffs satisfied the requirement of RCW 48.30.015 for pre-suit IFCA, and this complaint incorporates that notice.

3.11  Defendant's grossly undervaluing repair estimate of $26,939.56 despite sufficient information provided by Plaintiffs to Defendant State Farm, to allow payment under the policy constitutes a "lowball" estimate.

3.12  A "lowball" estimate or settlement offer is an unreasonable denial of payment under IFCA. *Rybacki v. Progressive Cas. Ins. Co.,* No. 84676-1-I, 2023 WL 8544775, at *10 (Wash. Ct. App. Dec. 11, 2023).

3.13  Defendant State Farm has failed to provide a certified copy of the policy which was requested by Plaintiffs to assist them with the settlement and presentation of their damages.

3.14  Defendant State Farm committed an unfair trade practice when it acted in bad faith, violating WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380.

3.15  Pursuant to *Tank v. State Farm Fire & Cas. Co.,* 105 Wash.2d 381, 715 P.2d 1133 (1986), Defendant State Farm owes attorney's fees and costs for its acts of bad faith.

## SECOND CAUSE OF ACTION
### (Bad Faith Violations)

3.16  Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.15.

3.17  Plaintiffs and Defendant State Farm entered into a contractual relationship for the policy.

3.18  Implied in every insurance contract in Washington State is a duty of good faith and fair dealing.

COMPLAINT FOR DAMAGES - 11

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.19 Defendants State Farm breached its duties of good faith when they failed to deal fairly with the Plaintiffs, by giving greater consideration to the insurance company's interests, instead, choosing to pursue its finalization of the claim prior to properly evaluating and compensating Plaintiffs.

3.20 Defendants State Farm breached its duties when they forced Plaintiffs to seek counsel to pursue their covered losses.

3.21 Defendant State Farm failed to assess the damages and pay them in a timely manner.

3.22 Defendants' bad faith is a proximate cause of the Plaintiffs damages.

3.23 Defendant is liable for Plaintiffs consequential economic and noneconomic damages in addition to reasonable attorney fees and costs under *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

## THIRD CAUSE OF ACTION
### (Breach of Contract)

3.24 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.23.

3.25 Plaintiffs and Defendant State Farm entered a mutual contractual relationship for the policy where Safeco would provide an insurance policy in consideration of payment by Plaintiffs.

3.26 The policy is a valid, enforceable contract.

3.27 Plaintiffs are entitled to full compliance with the policy.

3.28 Plaintiffs are entitled to coverage and every benefit available to Plaintiffs under the policy.

COMPLAINT FOR DAMAGES - 12

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.29 Defendant State Farm's refusal to provide coverage, adequately investigate, and communicate Plaintiffs claim regarding the policy is a breach of contract by Defendant State Farm.

3.30 Defendant State Farm's breach of contract is a proximate cause of Plaintiffs' damages.

## FOURTH CAUSE OF ACTION
### (Consumer Protection Act)

3.31 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.30.

3.32 Defendant committed an unfair trade practice when they acted in bad faith, violating WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380.

3.33 Additionally, Defendant's wrongful claims handling also constitutes an unfair or deceptive trade practice.

3.34 Defendant, by refusing to participate in the claims process by ignoring pertinent claims communications and failing to provide an estimate for the loss for several months, constitutes an unfair or deceptive trade practice.

3.35 Defendant's conduct occurred in trade or commerce.

3.36 Defendant State Farm is engaged in the business of insurance which is one affected by the public interest as defined in RCW 48.01.030.

3.37 Defendant's conduct caused injury to plaintiffs' "business or property," as those terms are defined for purposes of the CPA.

3.38 Defendants acts and omissions violated Washington's Consumer Protection Act, RCW 19.86.

COMPLAINT FOR DAMAGES - 13

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

3.39  Plaintiffs seek all available relief under the CPA, including damages, injunctive relief, enhanced damages, and attorney fees and costs.  RCW 19.86.090.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgement/RCW 7.24)

3.38  Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 3.39.

3.39  Plaintiff seeks a judgment from this Court declaring that they are entitled to coverage under the policy.

3.40  Plaintiff seeks a judgment from this Court declaring the amounts of benefits to which they are entitled.

3.41  Plaintiff seeks a judgment from this Court declaring that Defendant is estopped by its bad faith from asserting any time limitation in the insurance policy as a defense to coverage due to defendant's bad faith.

3.42  State Farm is liable for Plaintiffs reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, Wn.2d 37, 51-53 811 P.2d 673 (1991), *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn2d 26, 37, 904 P.2d 731 (1995).

## SIXTH CAUSE OF ACTION
### (Negligent Claims Handling)

3.43  Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.42.

3.44  Defendant State Farm's handling of the insurance claim was unreasonable.

3.45  Defendant State Farm's adjusters failed to investigate or procure a qualified expert to assess the damaged property.

3.46  Defendant State Farm is in violation of the provisions of the Unfair Claims Settlement Practices Act and Regulations and common law bad faith Washington

COMPLAINT FOR DAMAGES - 14

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

legal precedents including but not limited to *Olympic Steamship v. Centennial Insurance Co.* and *Tank v. State Farm*.

3.47 Defendant State Farm failed to adequately train Plaintiffs' claims handlers in Washington's claims handling procedures under Washington law.

3.48 Defendant State Farm's adjusters unfairly discriminated against Plaintiff because they were represented by a public adjuster.

3.49 Plaintiffs sustained damages as a result of Defendant State Farm's negligent claims handling and illegal conduct.

## IV.    DAMAGES

4.1 Plaintiffs re-allege and incorporate by reference paragraphs 1.1 through 3.49.

4.2 Plaintiffs have suffered general and special damages due to the actions of Defendant in amounts to be proven at trial.

4.3 Defendant's actions and failure to process the claim forced the Plaintiffs to retain counsel and incur attorney fees.

4.4 Plaintiffs have a contractual right to be adequately compensated for her damages by Defendant.

4.5 Plaintiffs have sustained injuries due to Defendant's unfair and deceptive acts and practices.

4.6 Plaintiffs have been damaged by the acts and omissions of Defendant in an amount to be proven at trial.

4.7 Plaintiffs hereby assert all facts asserted in their insurance fair conduct notices to Defendant State Farm.

COMPLAINT FOR DAMAGES – 15

BEST LAW PLLC
905 WEST RIVERSIDE, SUITE 409
SPOKANE, WASHINGTON 99201
PHONE (509) 624-4422
FAX: (509) 703-7957

**WHEREFORE**, Plaintiffs Anahit Manukyan and Stephen Obenchain demand judgment against Defendant for an Order as follows:

1. Judgment against the Defendant for general damages and losses caused by Defendant;

2. Judgment against Defendant for special damages incurred by Plaintiffs;

3. Judgment against Defendant for Plaintiff's taxable costs and disbursements incurred herein and for statutory damages as authorized by contracts; the CPA, IFCA, or other applicable statutes; as well as enhanced damages pursuant to RCW 19.86.090, and *Olympic Steamship v Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991);

4. Pre-judgment interest and reasonable attorney's fees and costs as provided by contract, equity, the CPA, IFCA, or RCW 4.84.250 et seq.; and Washington state common law including: *Olympic Steamship v. Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991)., *Tank v. State Farm Fire & Cas. Co.*, 105 Wash.2d 381, 715 P.2d 1133 (1986), and

5. For other and further relief as the Court may deem just and proper.

Dated: This 10th day, of October 2025.

BEST LAW, PLLC

By: _____
Ryan Best, WSBA #33672
Best Law, PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
ryan.best@bestlawspokane.com

COMPLAINT FOR DAMAGES - 16